**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Minnesota Laborers Health and Welfare Fund; Minnesota Laborers Pension Fund; Construction Laborers' Education and Training Fund of Minnesota and North Dakota; Minnesota Laborers Employers Cooperation and Education Trust,**

**Civil No. 00-2566 (DSD/SRN)**

**Plaintiffs,**

**v.**

**ORDER**

**Blue Earth Environmental Construction, Inc.,**

**Defendant.**

---

Pamela Hodges Nissen, Esq., on behalf of Plaintiffs.

Silas Danielson, Esq., on behalf of Defendant.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on August 22, 2001, on Plaintiffs' Motion to Amend the Pretrial Scheduling Order and for Leave to File an Amended Complaint (Doc. No. 8).

This Order addresses the above motion.

## I. PLAINTIFFS' MOTION TO AMEND THE PRETRIAL SCHEDULING ORDER AND FOR LEAVE TO FILE AN AMENDED COMPLAINT

Federal Rule of Civil Procedure 15(a) provides that a court may allow amendments to pleadings "when justice so requires." In interpreting this rule, the Supreme Court has stated:

> If the underlying facts or circumstances relied upon by a plaintiff

FILED AUG 28 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD_____
DEPUTY CLERK_____

> may be a proper subject of relief, he ought to be afforded the opportunity to test his claims on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). Neither delay nor dilatory motive are sufficient in themselves to deny a party leave to amend a pleading. The delay or dilatory motive must result in prejudice to the party opposing the motion. Buder v. Merrill Lynch, Pierce, Fenner & Smith, 644 F.2d 690, 694 (8th Cir. 1981). Even if the adverse party would suffer some prejudice if the motion to amend were granted, that prejudice must be balanced against the hardship to the moving party if the motion were denied. Id.

The Eight Circuit has held that "[a]lthough amendment of a complaint should be allowed liberally to ensure that a case is decided on its merits, . . . there is no absolute right to amend." Ferguson v. Cape Girardeau County, 88 F.3d 647, 650-51 (8th Cir. 1996). In particular, leave to amend may be properly denied when the proposed amendment would be futile. See Holloway v. Dobbs, 715 F.2d 390, 393-94 (8th Cir. 1983). The Eighth Circuit has also held, however, that amendments should be denied on the merits of the claim only if the amendment asserts clearly frivolous claims. Buder, 644 F.2d at 694. The determination as to whether to grant leave to amend is entrusted to the sound discretion of the trial court. Niagra of Wisconsin Paper Corp. v. Paper Industry Union Management Pension Fund, 800 F.2d 742, 749 (8th Cir. 1986).

**A. Motion For Leave To File An Amended Complaint.**

Plaintiffs' motion is granted with respect to adding Blue Earth Environmental Company,

Inc. (BEE Company) as a defendant. Plaintiffs' motion is denied without prejudice with respect to adding Ruby Development, Inc. (Ruby Development) and Stuart Carleton as defendants.

**1. BEE Company As A Defendant**

Plaintiffs are currently investigating defendant's fringe-benefit contributions for various employees including Curt Quast and Michael Jans. Defendant states that both men have been employed by BEE Company rather than by named defendant Blue Earth Environmental Construction, Inc. (BEE Construction). As a result, plaintiffs seek to add BEE Company to the current lawsuit.

Plaintiffs served the complaint on November 21, 2000, and the pretrial scheduling order provided February 28, 2001 as the deadline for amending pleadings. Defendant states that if plaintiffs had pursued their initial claim diligently, this schedule would have provided them with ample time in which to discover that BEE Company was a relevant employer for this lawsuit. As a result, defendant maintains that plaintiffs can not demonstrate good cause, as required by Fed R. Civ. P. 16(b), why they should now be permitted to amend the complaint.

Plaintiffs state that they have diligently pursued their claims, and can show good cause for amending the complaint to add BEE Company. They maintain that immediately following the parties' Rule 26 meeting, they sought documents necessary to audit defendant. Because defendant initially represented that he would voluntarily produce such documents, plaintiffs attempted to resolve the matter through informal discovery in order to conserve time and resources. During this informal discovery period, defendant did not inform plaintiffs that many or all of the employees involved in this matter were actually employed by BEE Company rather than BEE Construction. Further, the tax records that defendant supplied listed the employer with

the ambiguous title, "Blue Earth Environmental Co. Inc."

Plaintiffs state that they did not become aware of the existence of BEE Company until May, after informal discovery had broken down. At that point, plaintiffs served defendant with formal discovery. Based on information contained in defendant's responses, plaintiffs discovered that three distinct companies were operating from defendant's same address. Consequently, plaintiffs maintain that despite their diligent investigation, they only became aware of the existence of BEE Company after the February 28 deadline for amending the pleadings and adding parties.

The Court grants plaintiffs' motion to add BEE Company as a defendant. The only alternative to adding BEE Company would be for plaintiffs to bring a separate and additional lawsuit against BEE Company. The Court notes this is not a situation in which the plaintiffs are attempting to amend an order to add additional unrelated claims. In this instance, plaintiffs are investigating both BEE Corporation and BEE Company for the same issue of fringe-benefit contributions. Further, defendant already supplied plaintiffs with many of BEE Company's relevant records during the investigation of BEE Construction. Thus, a single lawsuit including both defendants will be more efficient. The Court also acknowledges the confusion surrounding the identity and relationship of BEE Corporation and BEE Company. As a result, the Court finds plaintiffs have demonstrated good cause and should be permitted to add BEE Company as a defendant.

**2. Ruby Development, Inc. And Stuart Carleton**

Plaintiffs seek to add Ruby Development and Stuart Carleton as defendants. During their investigation of BEE Construction, plaintiffs discovered the existence of a third company, Ruby

Development, doing business from the same address. Ruby Development is owned by Stuart Carleton, the same individual who owns BEE Construction. As a result, plaintiffs argue that both Ruby Development and Stuart Carleton should be included in the complaint.

Defendant represents to the Court that none of the people involved in this matter were ever employed by Ruby Development. In addition, plaintiffs have offered insufficient evidence at this time regarding the corporate infrastructures to warrant the imposition of personal liability on Mr. Carleton. As a result, the Court denies without prejudice plaintiffs' motion concerning Ruby Development and Stuart Carleton.

### B. Motion To Amend The Pretrial Scheduling Order

The Court grants plaintiffs' motion to amend the pretrial scheduling order. Plaintiffs have satisfied D.Minn. L.R. 16.3(b) by detailing what discovery remains to be completed, what discovery has been completed, why all discovery has not been completed, and how long it will take to complete discovery. An amended order will be filed separately.

**THEREFORE, IT IS HEREBY ORDERED that:**

Plaintiffs' Motion to Amend the Pretrial Scheduling Order and for Leave to File an Amended Complaint (Doc. No. 8) is:

**GRANTED** with respect to amending the pretrial scheduling order.

**GRANTED** with respect to adding Blue Earth Environmental Company, Inc. as a defendant.

**DENIED WITHOUT PREJUDICE** with respect to adding Ruby Development, Inc. and Stuart Carleton as defendants.

Dated: August 28, 2001

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge

# Please forward this announcement to the recipient of this fax.

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500